LEMMON, Judge,
dissents in part and assigns reasons.
Form is indeed triumphing over substance when this court tells Rodney Small that he loses this case he otherwise would have won if the piece of paper filed in this court by his attorney had the word “brief” written at the top of it rather than the word “exception”.
C.C.P. art. 2163 authorizes consideration of a peremptory exception when “filed” for the first time in the appellate court. The requirement of C.C.P. art. 927 that the exception of prescription must be “specially pleaded” should be reasonably interpreted to mean that the “court cannot supply the objection of prescription” (as stated by the introductory clause of the article), which must be supplied or “pleaded” by the party. This article should not be taken to mean that the plea of prescription cannot be “pleaded” by the party in a brief or in some other written document “filed” in the appellate court well in advance of oral argument, nor should the article be construed in conflict with C.C.P. art. 5051, which mandates that rules of procedure should be construed so as to implement the substantive law and not as being an end in themselves.
In this case defendant Rodney Small filed a brief on June 29, 1977, assigning as error in the judgment below the overruling of the exception of prescription. Had he filed ten more pieces of paper marked “exception” and therein reiterated the issue of prescription, those “special” pleadings would not have informed plaintiff any better that prescription was an issue to be determined by this court in the hearing on January 6,1978.
The purpose of filing pleadings is to notify the opposing parties what are and what are not the issues to be decided in the particular court in which the pleadings are filed.[1] When that purpose has been accomplished (as was undoubtedly done in this case), justice and fair play demand that substantive issues should not be decided on the basis of the denomination of the papers filed in the court, but should be decided on the merits of the substantive issues themselves.
I therefore dissent from the decree insofar as our judgment failed to maintain the exception of prescription “filed” by defendant Rodney Small, and I would overrule those intermediate appellate decisions based on pre-Code of Civil Procedure statements that briefs are mere arguments and form no part of the pleadings.

. The general rules for pleadings are provided in C.C.P. art. 852 et seq., which provide essentially that a pleading must be in writing, must contain a caption setting forth the name of the case and the title and number of the action (C.C.P. art. 853), but that there need be no technical form of pleading (C.C.P. art. 854).